Ryan J. Works (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for David Alessi*

***Electronically Filed July 24, 2019***

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ALESSI & KOENIG, LLC,<br><br>Debtor. | Case No.: 16-16593-abl<br><br>Chapter 7 |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALESSI, AMERICAN EXPRESS COMPANY; HOA LAWYERS GROUP, LLC; AMERICAN EXPRESS NATIONAL BANK, successor by merger to AMERICAN EXPRESS BANK, FSB; DOES 1 through 10 inclusive, ROE ENTITIES 1 through 10<br><br>Defendants. | Adversary No. 18-01129-abl<br><br>**DAVID ALESSI'S AMENDED MOTION TO DISMISS FIRST AMENDED ADVERSARY COMPLAINT**<br><br>**Hearing Date: August 27, 2019**<br>**Hearing Time: 10:00 a.m.**<br><br>**Hearing Place: Foley Federal Building, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101, Courtroom 1** |

Defendant David Alessi ("Alessi"), by and through his undersigned counsel, hereby moves to dismiss the *First Amended Complaint for Breach of Fiduciary Duty and for Recovery of Transfers Under 11 U.S.C. §§ 544, 548, 550 and NRS 112.180 and NRS 112.210* (the "FAC") [ECF 41] filed by Chapter 7 Trustee, Shelley Krohn (the "Trustee") pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b), for failure to state a claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Court determined that the Trustee's initial complaint lacked sufficient facts to support her claims against David Alessi for the avoidance of alleged fraudulent transfers under 11 U.S.C. §§ 544, 548, 550 and NRS 112.180 and NRS 112.210. In dismissing the Trustee's initial complaint, this Court made clear that a complaint with sparse details concerning the actual benefit allegedly received would not withstand a motion to dismiss. On June 12, 2019, the Trustee filed her FAC; however, it still fails to sufficiently allege a benefit received by Alessi as a result of the purported "HOALG Transfers. Because the Trustee has still failed to adequately plead her claims for avoidance of fraudulent transfers, the Trustee's second, third, fourth and fifth claims for relief against Alessi should be dismissed, with prejudice, as a matter of law.

## II. FACTS AS PLED IN COMPLAINT

David Alessi ("Alessi") is a member of Alessi & Koenig, LLC (the "Debtor"), the debtor in the underlying bankruptcy proceeding. FAC at ¶¶ 10 & 12. According to the Trustee, "[t]he Debtor's assets included furniture, equipment, contracts, accounts, account receivables, and related property (the "Debtor's Assets")." *Id*. at ¶ 16. The Trustee alleges that these assets were transferred by the Debtor to HOALG, beginning in April 2016 (the "HOALG Transfers"). *Id*. at ¶ 45.

Although the Trustee sufficiently ties Alessi to HOALG by citing to the Operating Agreement, which states his membership interest in HOALG (*id*. at ¶34-36), the Trustee's claim should still be dismissed because her only claim for relief is against HOALG – the "initial transferee and the entity for whose benefit the transfer was made." Furthermore, the Trustee's claim merely states that Alessi is "entitled to receive profits" from HOALG, rather than alleging that he actually did receive profits from HOALG. *Id*. at ¶¶80, 93, 103 and 115. Furthermore, the Trustee alleges that Alessi "…used the HOALG Transfers and proceeds garnered from the HOALG Transfers to pay for his personal expenses or debt which he guaranteed on behalf of

the Debtor." *Id*. at ¶¶ 81, 94, 104, 116. Even assuming this was true, this is yet again an indirect transfer. Section 550 of the Bankruptcy Code requires that the Trustee state that Alessi was the "recipient" of the fraudulent transfer or "benefitted" from the fraudulent transfer – not that he may have indirectly benefitted from the fraudulent transfer by paying himself money out of HOALG. The Trustee's avoidance action is against HOALG, not Alessi. Her second attempt makes clear that there is no legally recognizable claim against Alessi and this case should proceed without Alessi named in the second, third, fourth and fifth claims for relief.

## III. ARGUMENT

### A. Legal Standard

The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ghanem v. ADT Corp.*, 2:15-cv-01551-RFB-CWH, 2016 WL 1698286, at *1 (D. Nev. Apr. 26, 2016). "A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient." *US Bank Nat'l Ass'n for Merrill Lynch Mortgage Inv'rs Tr., Mortgage Loan Asset Back Certificates Series 2005-A8 v. BDJ Investments, LLC*, 2:16-cv-00866-GMN-PAL, 2018 WL 4705525, at *1 (D. Nev. Sept. 29, 2018) (*citing Twombly*, 550 U.S. at 555). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As discussed below, the Trustee's claims for avoidance of fraudulent transfers under the Bankruptcy Code and Nevada law fail to meet this standard and should be dismissed with prejudice.

**B. The Court Should Dismiss the Trustee's Second, Third, Fourth and Fifth Claims for Relief Because the Trustee Does Not Sufficiently Allege that Alessi Benefitted from the HOALG Transfers.**

Pursuant to 11 U.S.C. § 550:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, **the trustee may recover**, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, **from--** (1) the initial transferee of such transfer or **the entity for whose benefit such transfer was made**; or (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550. Thus, as a threshold matter, in order for the Trustee to exercise her avoidance powers against a third party, such as Alessi, she must establish that the third party was the initial transferee, the immediate or mediate transferee of the initial transferee or that third party benefitted from the transfer. *Id*. Merely identifying an officer or shareholder of a transferee is not sufficient to establish that the officer/shareholder benefitted from the transfer. *In re Vivaro Corp*., 524 B.R. 536, 562 (Bankr. S.D.N.Y. 2015); *In re Hansen,* 341 B.R. 638, 645 (Bankr. N.D. Ill. 2006); *In re Metro Paper, Inc.,* 18 B.R. 56, n.1 (Bankr. D.D.C. 1982).

For example, in *In re Vivaro Corp.,* the Official Committee of Unsecured Creditors filed a complaint against the transferee's affiliated companies, BEI Prepaid, LLC, BEI Prepaid Holdings, LLC and Phlcorp, Inc. alleging that these parties received some benefit from transfers made by debtors, Vivaro Corporation and STi Prepaid, LLC, to another affiliate of the debtors, Baldwin Enterprises, Inc. The Court noted that "[a]lthough the Complaint alleges that the Transferee Defendants "benefited" from the transfers, there are no specific allegations about how or why they benefited from the transfers or that they were the intended beneficiaries of the transfers." *In re Vivaro Corp*., 524 B.R. at 562. The mere fact that the affiliates had a

relationship with the recipient of these transfers was not enough. On that basis, the Court dismissed all claims asserted against these non-transferee affiliates. *Id.*; *see also Sullivan v. Kodsi*, 373 F. Supp. 2d 302, 310 (S.D.N.Y. 2005) (finding that conclusory allegation that "'[o]n information and belief, each of the Trust's beneficiaries have received or are entitled to receive the benefits of the assets fraudulently conveyed to the Trust'" was not sufficient to survive trust beneficiaries' motion to dismiss fraudulent transfer claims.).

Here, the Trustee's fraudulent transfer claims against Alessi lack any factual basis. Just as was the case in *Vivaro* and *Sullivan*, although the Complaint alleges that Alessi "benefited" from the HOALG Transfers by paying himself from HOALG. Even if true, this is not enough and only HOALG would be responsible for avoidance of the fraudulent transfer. There are no specific allegations about how or why Alessi is a direct transferee of the HOALG Transfers. As such, the Trustee's second, third, fourth and fifth claims for relief all fail as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Alessi respectfully requests that this Court dismiss the second, third, fourth and fifth claims for relief asserted against Alessi for failure to state a claim.

DATED this 24th day of July, 2019.

McDONALD CARANO LLP

By: */s/ Amanda M. Perach*
Ryan J. Works, Esq. (NSBN 9224)
Amanda M. Perach, Esq. (NSBN 12399)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for David Alessi*

4850-8080-1436, v. 1