Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
November 30, 2020

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com
*Attorneys for Shelley D. Krohn, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>ALESSI & KOENIG, LLC,<br>Debtor. | Case No. BK-S-16-16593-ABL<br>Chapter 7<br>Adv. No. 18-01129-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br>Plaintiff,<br>v.<br>DAVID ALESSI, AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS NATIONAL BANK successor by merger to AMERICAN EXPRESS BANK, FSB; HOA LAWYERS GROUP, LLC,<br>Defendants. | **ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Hearing Date: November 24, 2020<br>Hearing Time: 10:00 a.m. |

The Motion For Approval Of Settlement Agreement (the "Motion") having come before this Court on November 24, 2020; Shelley D. Krohn, Trustee ("Trustee") appearing by and through her counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm; Alessi & Koenig, LLC appearing by and through its counsel, Ryan E. Alexander, Esq.; David Alessi appearing by and through his counsel, Ryan J. Works, Esq. of McDonald Carano; American

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Express Company and American Express National Bank appearing by and through their counsel, Dawn M. Cica, Esq.of Carlyon Cica Chtd.; and Jamie Combs, Esq., of Akerman LLP, appearing on behalf of multiple parties; the Motion having been properly noticed and the Court having reviewed the Motion and related pleadings and having heard the argument of the parties; the Court having made its findings of fact and conclusions of law on the record which are incorporated herein pursuant to Fed. R.Civ. P. 52, made applicable by Fed.R.Bankr. P. 9014 and 7052; and for good cause shown, it is hereby

ORDERED that the Motion For Approval Of Settlement Agreement is granted and that the Settlement Agreement And Mutual Release ("Settlement Agreement"), attached hereto as **Exhibit 1**, is approved, and the Trustee is authorized to enter into any agreements and documents necessary to effectuate the Settlement Agreement.

Submitted by:

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Attorneys for Shelley D. Krohn, Trustee*

**Approved**/Disapproved by:

*/s/ Ryan J. Works*
Ryan J. Works, Esq.
McDonald Carano, LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
*Attorneys for David Alessi*

Approved/Disapproved by:

*Signature waived by Dawn M. Cica*
Dawn M. Cica, Esq.
Carlyon Cica Chtd.
4495 S. Pecos Road
Las Vegas, Nevada 89121
*Attorneys for American Express National Bank and American Express Company*

Approved/Disapproved by:

*Signature waived by Ryan E. Alexander*
Ryan E. Alexander, Esq.
3017 W Charleston Blvd #10
Las Vegas, Nevada 89102
*Attorneys for Alessi & Koenig LLC*

Approved/Disapproved by:

*Signature waived by Jamie Combs*
Jamie Combs, Esq.
Akerman LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for multiple parties*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**RULE 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the Order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021 (b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, waived their signature, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

*/s/ Jeanette E. McPherson*
Jeanette E. McPherson, Esq.

###

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into this _____ day of August, 2020 (the "Effective Date") by and between David Alessi ("Alessi"), Steven Loizzi, Jr. ("Loizzi"), Ryan Kerbow ("Kerbow"), HOA Lawyers Group ("HOALG"), American Express Company ("AMEX Co.), and American Express National Bank successor by merger to American Express Bank, FSB and formerly known as American Express Centurion Bank ("AMEX NB") (AMEX Co. and AMEX NB collectively referred herein as "AMEX"), and Shelley D. Krohn in her capacity as Chapter 7 Trustee of the Alessi & Koenig LLC bankruptcy estate ("Trustee"). Alessi, Loizzi, Kerbow, HOALG, and AMEX may each be referred to as a "Party" or collectively as the ("Parties").

## RECITALS

A. This Agreement arises out of disputes between and/or among the above referenced Parties regarding transfers made and damages from the use of Excess Proceeds, as defined below.

B. On December 13, 2016, Alessi & Koenig (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code ("A&K Bankruptcy Estate") in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court"), initiating Case No. 16-16593-abl (the "A&K Chapter 7 Bankruptcy Case"). The Trustee was duly appointed as the Chapter 7 Trustee.

C. On July 6, 2017, Trustee filed an adversary complaint against 2010-1 CRE Venture LLC, et al.,[1] in the Bankruptcy Court, Adversary Case No. 17-01210-abl (the "EP Adversary") interpleading monies, two-million, nine-hundred twenty-four thousand, two-hundred fifteen and 37/100 US Dollars ($2,924,215.37), that the Debtor stated constituted proceeds left after it conducted foreclosure sales (the "Excess Proceeds"). The EP Adversary is pending and parties have filed motions for disbursements from the Excess Proceeds, some of which have been granted.

D. On December 11, 2018, the Trustee filed an adversary complaint against Alessi, AMEX, and HOALG in the A&K Chapter 7 Bankruptcy Case, Adversary No. 18-01129-abl (the "Avoidance Adversary"), for breach of fiduciary duty and, in general, the avoidance of alleged fraudulent transfers of assets belonging to the A&K Bankruptcy Estate – including without limitation the transfer of assets to HOALG and the transfer by the Debtor of monies for payment of the personal obligations of Alessi. The Avoidance Adversary does not claim that the A&K Bankruptcy Estate is entitled to the Excess Proceeds, but does claim, among other things, that by using the Excess Proceeds, Alessi caused damage to the Debtor.

E. In the A&K Chapter 7 Bankruptcy Case, certain claimants ("Claimants") filed proofs of claim ("Proofs of Claim") totaling in excess of twenty-five million ($25,000,000). Alessi filed objections to many of these Proofs of Claim, and after determination of these objections the Proofs of Claim currently total approximately $4,798,435.09.

[1] The EP Adversary named numerous defendants that may or may not have claims to the Excess Proceeds.

SK

F. The Trustee has maintained throughout the A&K Chapter 7 Bankruptcy Case that the Excess Proceeds are not property of the A&K Bankruptcy Estate under 11 U.S.C. § 541. The Trustee has also maintained, however, that claims for damages for the unauthorized use of the Excess Proceeds are the property of the A&K Bankruptcy Estate. In fact, in the Avoidance Adversary, the Chapter 7 Trustee has claimed, among other things, that the use of the Excess Proceeds was a breach of fiduciary duty that caused damages to the Debtor and ultimately caused the A&K Chapter 7 Bankruptcy Case. In connection with the claims in the Avoidance Adversary, Alessi and Loizzi have contended that the Debtor was authorized to use Excess Proceeds. The Trustee, however, has alleged that the Debtor received legal advice that was not based on a proper application of the law and also has claims against those persons who rendered this advice. Putting aside the merits of these legal arguments, given the nature of the claims in the Avoidance Adversary and related circumstances, determination of the amount of damages to the A&K Bankruptcy Estate will probably be difficult to determine, will be costly to establish as a result of attorneys' fees and costs (including without limitation expert fees and costs), and will cause significant delay.

G. After working diligently, the Parties have reached a comprehensive settlement Agreement that will not only resolve the Avoidance Adversary, but will also address issues that must be resolved pertaining to the determination of the Proofs of Claim in the A&K Chapter 7 Bankruptcy Case, all of which will aid in a more timely administration of this case and distribution to allowed claim holders. In fact, as part of this settlement, Alessi reviewed and objected to the Proofs of Claim (along with a review of the claims in the EP Adversary), which review necessarily included Proofs of Claim related to the EP Adversary and their payment from Excess Proceeds.

H. The Parties desire to settle and resolve all disputes and claims between the Parties rather than incur additional costs and attorneys' fees, and in addition, by way of this Agreement, work to resolve broader issues impacting the timely administration of this case as set forth immediately above. By entering into this Agreement, no Party acknowledges liability for the alleged claims and no Party shall be deemed a prevailing party under the Agreement, governing statutes, or otherwise. The Parties shall bear their own costs of expenses in the respective litigation filed against the other Party.

I. In order to resolve this dispute, the Parties wish to make a full, complete, and final settlement with respect to the above recitals and all known and unknown claims arising therefrom.

NOW, THEREFORE, in consideration of the mutual promises, conditions, and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties incorporate the above recitals by this reference and, intending to be legally bound, agree as follows:

## AGREEMENT

1. Recitals. The Parties hereby stipulate and agree that the foregoing recitals are true and correct in all respects and are incorporated herein by this reference, with AMEX relying on the representations of the other Parties in accepting the foregoing recitals as true and correct for the purposes of this Agreement.

2. Effective Date. Except as otherwise provided herein, this Agreement shall become effective upon the date (the "Effective Date") written above, but the parties understand and acknowledge that this Agreement is subject to Bankruptcy Court approval.

3. Settlement Terms.

(a) As consideration for entering into this Agreement, Alessi promises to pay to the order of Shelley D. Krohn, Chapter 7 Trustee, the sum of Six-Hundred Sixty-Thousand and 00/100 Dollars ($660,000.00)[2] by wire transfer, or other certified funds, no later than fifteen (15) days after entry of a bankruptcy court order approving this Agreement under Federal Rule of Bankruptcy Procedure ("Fed. R. Civ. P.") 9019 (the "Non-appealable Order), and AMEX agrees to pay to "Shelley D. Krohn, Chapter 7 Trustee" (the "Payee") the sum of Thirty-Five Thousand and 00/100 Dollars ($35,000) (the "AMEX Settlement Payment") by wire transfer within thirty (30) days of AMEX's counsel's receipt of (i) the fully executed Agreement, (ii) an IRS Form W-9 completed by the Payee; and (iii) an Electronic Deposit Authorization Form, which is attached hereto as Exhibit B, completed by the Payee, for a total of Six-Hundred and Ninety-Five Thousand and 00/100 ($695,000) (collectively, the "Settlement Consideration")..

(b) The Trustee shall file with the Bankruptcy Court, and set for a hearing, a Motion for Approval of this Agreement pursuant to Fed. R. Bankr. P. 9019, no later than five (5) business days from the Effective Date of this Agreement.

(c) Alessi shall continue to review the Proofs of Claim on file, and Alessi shall continue to object to such claims as necessary (along with the claims in the EP Adversary) on or before September 15, 2020.

(d) Within ten (10) days from the date payment of the Settlement Consideration is made, the Chapter 7 Trustee shall file a Stipulated Dismissal With Prejudice, in the form attached hereto as **Exhibit A**, dismissing the Avoidance Adversary, with prejudice.

(e) If the Trustee receives the AMEX Settlement Payment prior to the Bankruptcy Court's approval of this Agreement, the Trustee shall hold the AMEX Settlement Payment in trust pending the entry of a final order by the Bankruptcy Court approving the Agreement or, if there is an appeal, until entry of a final order with respect to the appeal. In the event that the Bankruptcy Court does not approve this Agreement or there is a final, non-appealable order of an appellate court reversing an order of the Bankruptcy Court approving this Agreement, (i) the Trustee shall promptly return the AMEX Settlement Payment to AMEX, and (ii) this Agreement shall be null and void with the Parties returning to their original respective positions with no rights waived.

4. Releases.

(a) Except as otherwise set forth in this Agreement, effective upon the payment in wire transfer or certified funds of the Settlement Consideration, and approval of this Agreement by the Bankruptcy Court, each Party to the Avoidance Adversary plus Loizzi and Ryan Kerbow, including each of their affiliates (for AMEX, including without limitation American Express

[2] Loizzi agrees to pay to Alessi the sum of forty-thousand dollars ($40,000) after entry of the Non-Appealable Order, on a monthly basis, until paid in full.

Travel Related Services Company, Inc. "AETRS"), shareholders, officers, directors, members, managers, attorneys and related parties (each as a "Releasing Party") hereby releases relinquishes, and discharges the other Party, plus Loizzi and Ryan Kerbow, including each of their affiliates (for AMEX, including without limitation AETRS), shareholders, officers, directors, members, managers, attorneys, and related parties (each as a "Released Party") from any and all claims, demands, actions, causes of action, losses, costs, expenses, damages, liabilities, liens or obligations of any character, in law or equity, contract or tort, whether known or unknown, fixed or contingent, accrued or not yet accrued, matured or not yet matured, vested or not yet vested (collectively, "Released Claims"), which the Releasing Party has against the Released Party to the extent such Released Claims directly relate to, arise out of, or are any way connected with the A&K Chapter 7 Bankruptcy Case, including without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes, or any of the allegations asserted in the Avoidance Adversary, EP Adversary, or Released Claims relating to the Excess Proceeds. Nothing herein is intended to relieve the Parties from their obligations under this Agreement which may be enforced as set forth below; provided, however, that while this release by AMEX for itself and its affiliates includes a release of Alessi for the AMEX Settlement Payment, it does not otherwise extend to: (i) any contractual obligations (including charges on credit or charge cards) by any entity or individual other than the Debtor; or (ii) any claims by AMEX or its affiliates that have been timely filed or scheduled in the A&K Chapter 7 Bankruptcy Case.

(b) Each Releasing Party acknowledges that he/she/it may later discover claims or facts in addition to or different from those which that Party now knows or believes to exist with respect to the Released Claims and the subject matter of this Agreement, and which if known or suspected at the time of executing this Agreement, may have materially affected its terms. Having been so apprised, each Releasing Party elects to and does assume all risks for any and all claims, whether known or unknown, suspected or not suspected, arising from or related to the subject matter of this Agreement, including but not limited to the Released Claims, and knowingly and voluntarily releases the Released Party from any and all liability and claims arising out of or related to such matters.

5. Non-Disparagement. The Parties and their respective officers, corporate directors, and senior executives will not defame or disparage the other Parties. This provision also applies to any comments or statements which any of the foregoing individuals may make on the Internet, including but not limited to comments, statements and/or videos placed in email, and/or on YouTube, Facebook, Twitter, Instagram or any other social media site or application. The Parties further agree not to defame or disparage any other Party to this Agreement, or their businesses, services or projects, or make or solicit any comments, statements or the like to the media or others that may be considered to be derogatory or harmful to the good name or business reputation of any of the Parties hereto. For the avoidance of doubt, this provision does not affect any Party's obligations to provide testimony or information in any official capacity or proceeding.

6. Independent Counsel. The Parties represent and warrant that they have been advised that they should be represented by counsel of their own choosing in the preparation and analysis of this Agreement, that they have been represented by their own independent counsel and that they have read this Agreement and believe that they are fully aware of and understand the contents hereof and the legal effect. The Parties further represent and warrant that they have entered into this Agreement voluntarily and with the approval and advice of their counsel.

7. Attorneys' Fees. In the event of any litigation among the Parties, including any appeals, in connection with or arising out of this Agreement, the prevailing Party shall recover all of its costs and expenses, including expert fees, and reasonable attorneys' fees actually incurred which shall be determined and fixed by the court as part of the judgment. The Parties covenant and agree that they intend by this section for the prevailing Party to recover for such reasonable attorneys' fees as the court may determine were actually and necessarily incurred by the prevailing Party.

8. Representations and Warranties. Each Party hereby represents and warrants to the other Parties as follows: Each Party represents and warrants that (i) the execution of this Agreement by such Party has been duly approved and authorized by all necessary company, partnership or corporate action, as applicable; (ii) the person executing the Agreement on behalf of such Party is duly authorized to execute this Agreement; (iii) upon the execution and delivery of this Agreement by such person, this Agreement shall be binding upon such Party; (iv) no Party has assigned their rights under this Agreement; and (v) no other approvals or consents are necessary in connection with the execution and delivery of this Agreement by such Party. This Agreement has been duly executed and delivered by each Party and constitutes a legal, valid and binding obligation of the Parties and this Agreement constitutes a legal, valid and binding obligation of the Parties, is enforceable against each Party in accordance with its terms.

9. Time of the Esence. Time is of the essence of this Agreement, and in all the terms, provisions, covenants and conditions hereof.

10. Miscellaneous.

(a) No Admissions. The Parties intend that neither anything contained in this Agreement, nor any Party's performance of its obligations to the same, shall be deemed to be an admission or acknowledgment of liability, the existence of damages, or the amount of any damages relating to any part of the subject matter of this Agreement.

(b) Applicable Law and Venue. This Agreement shall, in all respects, be governed by the laws of the State of Nevada applicable to agreements executed and any action or proceeding filed, instituted or initiated to enforce, construe, or challenge this Agreement or any of the terms contained herein may only be filed or initiated in the United States Bankruptcy Court, District of Nevada. The Parties hereby submit themselves exclusively to the jurisdiction of the courts of the State of Nevada and waive any defense to venue that could otherwise be asserted therein.

(d) Further Assurances. Each of the Parties shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder to carry out the intent of the Parties.

(e) Modifications or Amendments. No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the Parties.

(f) Successors and Assigns. All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the Parties and their respective heirs, legal representatives, successors and assigns.

(g) Entire Agreement. This Agreement constitutes the entire understanding and agreement of the Parties with respect to its subject matter and any and all prior agreements, understanding or representations with respect to its subject matter are hereby terminated and canceled in their entirety and are of no further force or effect.

(h) Non-Waiver. No waiver by any Party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision hereof.

(i) Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

(j) Number and Gender. In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

(k) Captions and Headings. The captions and headings appearing at the commencement of the sections hereof are descriptive only and for convenience in reference.

(l) Expenses. Except as otherwise set forth above, the Parties shall pay all of their own costs and expenses in connection with this Agreement, including, but not limited to, legal fees, accounting fees, and any other costs and expenses incurred or to be incurred by it or them in negotiating and preparing this Agreement.

(m) Interpretation. This Agreement is the result of negotiations among the Parties who have each negotiated and reviewed its terms. No Party shall be deemed to be the drafter for purposes of interpreting any ambiguity or uncertainty in this Agreement against that Party.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement on the dates set forth adjacent to their names.

| | |
|---|---|
| DAVID ALESSI, an individual | STEVEN LOIZZI Jr., an individual |
| Signed:________________________ | Signed:___/s/ Steven Louizzi Jr.____ |
| Date: ________________________ | Date: ________________________ |

HOA LAWYERS GROUP, a Nevada limited liability company,

Signed:____________________

Name Printed:____________________

Title:____________________

Date: ____________________

AMERICAN EXPRESS COMPANY, a New York corporation,

Signed: *Matthew Heimann*

Name Printed: Matthew Heimann

Title: Manager & Counsel

Date: October 5, 2020

SHELLEY D. KROHN, in her capacity as CHAPTER 7 TRUSTEE of the ALESSI & KOENING LLC BANKRUPTCY ESTATE

Signed: [signature]

Date: 10/5/2020

AMERICAN EXPRESS NATIONAL BANK successor by merger to AMERICAN EXPRESS BANK, FSB, a national bank,

Signed: *Matthew Heimann*

Name Printed: Matthew Heimann

Title: Manager & Counsel

Date: October 5, 2020

RYAN KERBOW

Signed: ____________________

Date: ____________________

HOA LAWYERS GROUP, a Nevada limited liability company,

Signed: Troy Fox

Name Printed: Troy S. Fox

Title: Attorney for HOA Lawyers Group

Date: 10-5-2020

AMERICAN EXPRESS COMPANY, a New York corporation,

Signed: Matthew Heimann

Name Printed: Matthew Heimann

Title: Manager & Counsel

Date: October 5, 2020

SHELLEY D. KROHN, in her capacity as CHAPTER 7 TRUSTEE of the ALESSI & KOENING LLC BANKRUPTCY ESTATE

Signed: ______________________

Date: ______________________

AMERICAN EXPRESS NATIONAL BANK successor by merger to AMERICAN EXPRESS BANK, FSB, a national bank,

Signed: Matthew Heimann

Name Printed: Matthew Heimann

Title: Manager & Counsel

Date: October 5, 2020

RYAN KERBOW

Signed: ______________________

Date: ______________________

(j) Number and Gender. In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.

(k) Captions and Headings. The captions and headings appearing at the commencement of the sections hereof are descriptive only and for convenience in reference.

(l) Expenses. Except as otherwise set forth above, the Parties shall pay all of their own costs and expenses in connection with this Agreement, including, but not limited to, legal fees, accounting fees, and any other costs and expenses incurred or to be incurred by it or them in negotiating and preparing this Agreement.

(m) Interpretation. This Agreement is the result of negotiations among the Parties who have each negotiated and reviewed its terms. No Party shall be deemed to be the drafter for purposes of interpreting any ambiguity or uncertainty in this Agreement against that Party.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement on the dates set forth adjacent to their names.

| | |
|---|---|
| DAVID ALESSI, an individual<br>Signed: [signature]<br>Date: 10-3-20 | STEVEN LOIZZI, an individual<br>Signed: ______<br>Date: ______ |
| HOA LAWYERS GROUP, a Nevada limited liability company,<br>Signed: ______<br>Name Printed: ______<br>Title: ______<br>Date: ______ | AMERICAN EXPRESS COMPANY, a New York corporation,<br>Signed: ______<br>Name Printed: ______<br>Title: ______<br>Date: ______ |
| SHELLEY D. KROHN, in her capacity as CHAPTER 7 TRUSTEE of the ALESSI & KOENING LLC BANKRUPTCY ESTATE<br>Signed: ______<br>Date: ______ | AMERICAN EXPRESS NATIONAL BANK successor by merger to AMERICAN EXPRESS BANK, FSB, a national bank,<br>Signed: ______<br>Name Printed: ______<br>Title: ______<br>Date: ______ |
| | |

RYAN KERBOW

Signed: [signature]

Date: 10/5/2020

15368455v2

# EXHIBIT A

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Trustee*

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ALESSI & KOENIG, LLC,<br><br>Debtor. | Case No. BK-S-16-16593-ABL<br><br>Chapter 7<br><br>Adv. No. 18-01129-ABL |
| SHELLEY D. KROHN, TRUSTEE,<br><br>Plaintiff<br><br>v.<br><br>DAVID ALESSI; AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS NATIONAL BANK successor by merger to AMERICAN EXPRESS BANK, FSB; HOA LAWYERS GROUP, LLC; DOES I through 10 inclusive, ROE ENTITIES I through 10 inclusive,<br><br>Defendants. | **STIPULATION OF DISMISSAL WITH PREJUDICE**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

Shelley D. Krohn, Chapter 7 Trustee (the "Trustee"),[1] by and through her counsel Schwartzer & McPherson Law Firm, David Alessi, by and through his counsel McDonald Carano LLP, American Express Company and American Express National Bank, by and through their counsel Carlyon Cica Chtd., Steven T. Loizzi, Ryan Kerbow, and HOA Lawyer's Group, LLC, by and through its counsel Crosby & Fox, LLC (collectively, the "Parties") hereby stipulate and agree that based upon the entry of an order approving the Settlement Agreement And Mutual Release

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed them in the underlying documents.

entered on ________________, 2020 and payment of the Settlement Consideration, this adversary proceeding is hereby dismissed with prejudice.

Dated: __________, 2020.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
*Attorneys for Shelley D. Krohn, Trustee*

Dated: __________, 2020.

/s/ Troy S. Fox
Troy S. Fox, Esq.
Crosby & Fox, LLC
710 South 8th Street
Las Vegas, Nevada 89101
*Attorneys for HOA Lawyer's Group*

Dated: ___________, 2020.

/s/ Dawn M. Cica
Candace C. Carlyon, Esq.
Dawn M. Cica, Esq.
Tracy M. O'Steen, Esq.
Carlyon Cica Chtd.
4495 S. Pecos Road
Las Vegas, Nevada 89121
*Attorneys for American Express National Bank and American Express Company*

Dated: ____________, 2020.

/s/ Ryan J. Works
Ryan J. Works, Esq.
Amanda Perach, Esq.
McDonald Carano, LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
*Attorneys for David Alessi*

Dated: ____________, 2020.

________________________
Steven T. Loizzi

Dated: ____________, 2020.

________________________________
Ryan Kerbow

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT B

AMERICAN EXPRESS ®

ELECTRONIC DEPOSIT AUTHORIZATION FORM

Name: ______________________________

Address: ______________________________

City: ______________ State / Country: ______________ Zip / Postal Code: ______________

Contact Person: ______________ Phone #: ( ) ______________

Title / Position: ______________________________

E-mail Address: ______________________________

Fax#: ( ) ______________ Tax ID # / SS # ______________

**Receiving Bank / Account Details:**

Account Name: ______________________________

Financial Institution: ______________________________

Financial Institution Address: ______________________________

City: ______________ State / Country: ______________ Zip / Postal Code: ______________

*Account #: ______________ *SORT CODE: ______________

*ABA Routing Number (U. S. only): ______________ *BSB (Australia only): ______________

*SWIFT CODE: ______________ *IBAN: ______________

***Please verify the above account and routing numbers with your Financial Institution to ensure accuracy.**

AUTHORIZATION: ______________________________ ______________
(Authorized signature only) NAME (PLEASE PRINT) TITLE

______________________________ ______________
SIGNATURE DATE

EXHIBIT "A"